FILED

JAN 31 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN ROBINSON,                           )
Reg. No. 19923-009                        )
United States Penitentiary                )
Lee County                                )
P.O. Box 305                              )
Jonesville, Virginia 24263,               )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )   Civil Action No. _____
                                          )
U.S. MARSHALS SERVICE                     )
Headquarters Building CS-3, 12th Floor    )
Washington, D.C. 20530,                   )   CASE NUMBER 1:06CV00171
                                          )
ODIE WASHINGTON, Director                 )   JUDGE: Henry H. Kennedy
D.C. Department of Corrections            )
1923 Vermont Avenue, N.W.                 )   DECK TYPE: Pro se General Civil
Washington, D.C. 20001                    )
                                          )   DATE STAMP: 01/31/2006
STEVE SMITH, Warden                       )
D.C. Department of Corrections            )
1901 D Street, S.E.                       )
Washington, D.C. 20003                    )
                                          )
DISTRICT OF COLUMBIA                      )
District Building Suite 520               )
1350 Pennsylvania Avenue, N.W.            )
Washington, D.C. 20004, in their          )
official capacity,                        )
                                          )
                    Defendants.           )

JURY ACTION

## COMPLAINT FOR DAMAGES INTRODUCTORY STATEMENT

1. This is a civil action brought <u>pro se</u> by Robin Robinson a prisoner who is currently incarcerated at the United States Penitentiary, Lee County, Virginia, the instant defendants include the U.S. Marshals Service, Odie Washington, Steve Smith, District of Columbia, for the award of monetary damages and relief to compensate him for the violation of his 5th, 8th and 14th Amendment right to the United States Constitution and District of Columbia local law. Plaintiff also seeks a trial by a jury with respect to each of the claims for assault, mental and

RECEIVED
JAN 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

emotional stress and negligence.

2. Plaintiff brings this action under 42 U.S.C. §1983 for injuries suffered as a result of defendants fail to protect Mr. Robinson while he was in their custody.

## JURISDICTION

3. This court has jurisdiction over the federal claims to 28 U.S.C. §§1331 and 1343(a)(3), (1)(4), (b)(1), and 42 U.S.C. §1983. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over claims arising under the law of the District of Columbia declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202 and this court has jurisdiction to declare the rights of the parties and to grant all further relief found necessary and proper.

## VENUE

4. Venue is appropriate in the court pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff Robin Robinson is currently serving a sentence imposed for a violation of the law in the District of Columbia Mr. Robinson has been assigned the D.C.D.C. identification number 215382 and the BOP identification number 19923-009 and is under the care, custody, and control of the Federal Bureau of Prisons.

6. The U.S. Marshals Service was at all time material to this complaint, the U.S. Marshal is responsible for following clearly established constitutional, statutory and local law the defendant is also responsible for transferring Mr. Robinson from the Federal Bureau of Prison to the D.C. Jail where Mr. Robinson was assaulted by an inmate with a gun. Therefore the defendant did not ensure security and safety by scrutinize the D.C. Jail before transferring Mr. Robinson there. The U.S. Marshals Service is being sued in its official capacity.

7. Odie Washington was, at all time material to this complaint the Director of the D.C. Jail, defendant Washington is responsible for following clearly

establish constitutional statutory and local law. Defendant Washington is also responsible for directing his subordinates at the D.C. Jail in such a manner as to correct obvious violations of law brought to his attention through personal observation, oral, or written notice. Defendant Washington is being sued in his official and individual capacities.

8. Steve Smith was at all time material to this complaint the Warden of the D.C. Jail. Defendant Smith is responsible for following clearly established constitutional statutory and local law. Defendant Smith is also responsible for correcting obvious violations of law brought to his attention through personal observation, oral, or written notion. Defendant Smith is being sued in his official and individual capacities.

9. The District of Columbia is a Municipal Corporation and is responsible for the supervision and operation of its subordinate agencies including the D.C. Jail as such the District is responsible for administering its operations in a manner consistent with clearly established constitutional guarantees, statutory and local law. Defendant District of Columbia through its decision makers, policy advisors, employees, agents, and contractor is responsible for the execution and proper implementation of all its law including those that directly affect the D.C. Jail. The District of Columbia supports and condones violation of plaintiff's constitutional rights and its own law. Defendant District of Columbia is being sued in its capacity as a Municipality.

10. All the above name defendants were acting under color of the law of the District of Columbia and all individual defendants were acting within the scope of their employment.

11. On September of 2003 the U.S. Marshal Service retrieved custody of plaintiff from U.S.P. Lee County, within the Federal Bureau of Prison for transportation to the D.C. Jail to be resentence at the Superior Court of the District of Columbia.

12. On December 20, 2003 at the D.C. Jail at approximately 1:20 p.m. the plaintiff was assaulted by an inmate with a gun. The plaintiff was struck several times to the head by the gunman.

13. The U.S. Marshal Service did not scrutinize the D.C. Jail before transferring plaintiff there.

## COUNT ONE

### Assault By Inmate

14. Plaintiff incorporates by reference each of the factual allegations stated in paragraph 12.

15. At the time of the shooting plaintiff was at the opposite side of the tier. Once the shots ringout, plaintiff started going towards his cell. Upon arriving I noticed a man lying in front of my cell-28 and he had blood coming from the lower part of his body. Plaintiff tried to remove the inmate to get inside my cell when an inmate with a gun came from the back of the tier and assaulted plaintiff with the gun. The inmate with the gun struck plaintiff several times in the head and my eye and the right side of my face. Once I fell to the ground, plaintiff laid there and the man with the gun stepped away.

## COUNT TWO

### Mental And Emotional Stress

16. Plaintiff incorporates by reference each of the factual allegations stated in paragraphs 3 through 15.

17. Plaintiff have a highly unpleasant mental reaction from the assault that occurred.

18. Plaintiff can not sleep at night because of the incident. Plaintiff

4

keep having nightmares of the terrifying things that the inmate did to plaintiff.

19. Plaintiff suffers mental and emotional stress and consumed pyshetropical medicines to subdue apprehension and anxiety.

## COUNT THREE

### Negligence

19. Plaintiff incorporates by reference each of the factual allegations stated in paragraphs 7 through 12.

20. U.S. Marshals Service did not ensure security and safety of the plaintiff preceeding housing which is the a proximate cause of plaintiff's injury thereby constituting negligence.

21. Washington and Smith and the District of Columbia are responsible for the safety of every prisoner that is in there custody to the extent if something happen to inmate while he is in their custody. Harm injury property damage as the destraction there of by means of error or negligence.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff request this court to grant the following relief:

1. Award plaintiff compensatory damages in the amount of one ($100,000,000.00) hundred million dollars.

2. Award plaintiff reasonable attorney(s) fees and cost incurred in bringing this action; and

3. Grant such relief as this court may deem just and proper.

---

1. Plaintiff also filed a Federal Tort claim against U.S. Marshals Service. Plaintiff claim was denied.

2. Plaintiff was rushed out of the jail between 7 to 10 days after the incident occurred.

5

## JURY DEMAND

Plaintiff demands a trial by jury with respect to each of the claims alleged herein.

Dated: 11-8-05

*[signature]*

Robin Robinson
#19923-009
U.S.P. Lee County
P.O. Box 305
Jonesville, VA 24263-0305