UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 06CV171 (HHK) |
| | ) |
| U.S. MARSHALS SERVICE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### FEDERAL DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1),12(b)(6), 56, and 5 U.S.C. § 8128(b) the Federal Defendant, the United States Marshals Service ("USMS"), through counsel, move this Court to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this Motion, the Federal Defendant hereby incorporates the Memorandum of Points and Authorities filed together with this Motion. A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.[1]  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

---

[1]  Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims. It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

Furthermore, should this Court treat Federal Defendant's Motion to Dismiss as a motion for summary judgment because of the documents attached, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (*pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

                  Respectfully submitted,

                  /s/
                  KENNETH L. WAINSTEIN, D.C. Bar #451058
                  United States Attorney

                  /s/
                  RUDOLPH CONTRERAS, D.C. Bar #434122
                  Assistant United States Attorney

                  /s/
                  KAREN L. MELNIK, D.C. Bar # 436452
                  Assistant United States Attorney
                  555 4th Street, N.W.
                  Washington, DC 20530
                  (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06CV171 (HHK) |
| ) | |
| U.S. MARSHALS SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**FEDERAL DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**I. FACTS**

Plaintiff was convicted in the Superior Court of the District of Columbia of multiple gun-related crimes. See Sanders v. United States, 809 A.2d 584, 600 n.17. Prior to September 25, 2003, plaintiff was serving his sentence at the United States Penitentiary Lee in Jonesville, Virginia. See Declaration of Supervisory Deputy U.S. Marshal Julie Shealey ("Shealey Decl.") (attached hereto as Exhibit 1) at ¶ 3. This facility is operated by the Federal Bureau of Prisons ("BOP"). See id. On September 25, 2003, plaintiff was transferred to the physical custody of the District of Columbia Department of Corrections (specifically, the D.C. Jail) pursuant to a Writ of Habeas Corpus Ad Prosequendum, issued by the District of Columbia Superior Court, for the purpose of being re-sentenced. See Shealey Decl. at ¶ 4 and Complaint at ¶ 11.

According to plaintiff, on December 20, 2003, while inside the D.C. Jail, another inmate assaulted him with a gun. See Complaint at ¶ 15. The inmate with the gun allegedly struck plaintiff several times in the head and face. See id. As a result of this incident, plaintiff alleges that he suffered mental and emotional stress. See id. at ¶¶ 16-19. He further claims that the USMS is liable for damages because it "did not ensure security and safety of the plaintiff

preceding housing which is the proximate cause of plaintiff's injury thereby constituting negligence." See id.. at ¶ 20.

Plaintiff's efforts are fatally flawed for two reasons: (1) he filed suit against a federal agency instead of the United States, and (2) he was in the custody of the District of Columbia Department of Corrections at the time of the alleged incident. Accordingly, this Court should dismiss Plaintiffs' claim for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the plaintiff fails to state a claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in either of two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; Rann, 154 F. Supp. at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

To the extent the Court relies on evidence outside the pleadings, defendant alternatively moves for summary judgment pursuant to Fed. R. Civ. P. 56; see Fed. R. Civ. P. 12(b)(6).  Rule 56 of the Federal Rules of Civil Procedure provides in part that a defendant is entitled to summary judgment when there is no genuine issue as to any material fact and when, based on those facts, the defendant is entitled to judgment as a matter of law.  There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the plaintiff.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Corp. v. Zenith Radio, 475 U.S. 574, 587 (1986).

### III.  ARGUMENT

**A.     This Court Lacks Jurisdiction To Hear A Tort Claim Against The USMS**

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress.  See United States v. Testan, 424 U.S. 392, 399 (1976).  The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional.  As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting).  When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA.  The FTCA authorizes district courts to hear suits against the ***United States***

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

4

Pursuant to FTCA, federal agencies *cannot* be sued in their own names.  See 28 U.S.C. § 2679(a); Benham v. Rice, No. 03-1127 (HHK), 2005 WL 691871, *3 (D.D.C. Mar. 24, 2005) ("The exclusive remedy for tort claims under the FTCA, therefore, is an action against the United States rather than against the individuals or particular government agencies."); Cox v. Secretary of Labor, 739 F.Supp. 28, 29 (D.D.C. 1990) (citing Miller v. United States, 710 F.2d 656, 657 n.1 (10th Cir. 1983), cert. denied, 464 U.S. 939 (1983)); Childress v. Northrop Corp., 618 F. Supp. 44, 48 (D.D.C. 1985).

Plaintiff alleges that the USMS is liable for alleged negligence.  Because, pursuant to the FTCA, the only possible proper Federal Defendant for plaintiff's FTCA claim is the United States, this Court lacks subject matter jurisdiction to hear the complaint.[2]

**B.     Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted**

In his Complaint, plaintiff asserts that the USMS is a proper party and is liable for negligence because it is "responsible for transferring Mr. Robinson from the Federal Bureau of Prison[s] to the D.C. Jail where Mr. Robinson was assaulted by an inmate with a gun.  Therefore the defendant did not ensure security and safety by scrutinize [sic] the D.C. Jail before transferring Mr. Robinson there."  See Complaint at ¶ 6.  Plaintiff's claim against the USMS is fatally flawed because, at the time of the alleged assault, plaintiff was in the custody of the District of Columbia Department of Corrections, not the USMS.

---

[2] Although a *possible* remedy for Plaintiff's error could be to substitute the United States, substitution is not necessary or warranted in this case because Plaintiff's claims should be dismissed on other jurisdictional grounds as well.  See Childress, 618 F.Supp. at 48 ("Were this the only defect in plaintiff's action against the Government, the Court would allow plaintiff to seek leave to substitute the United States as a defendant.").

The USMS has a general duty to keep detainees *in its custody* safe and free from harm. See 18 U.S.C. § 4086 (emphasis added). Although there is a general duty to take reasonable care under the circumstances to protect and keep individuals taken into custody safe, the USMS, however, is not an insurer of the safety of a detainee *in its custody*, and the fact that an inmate sustains injuries does not establish liability. Hughes v. District of Columbia, 425 A.2d 1299, 1302 (D.C. 1981) (emphasis added). See also Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976) ("The duty of care owed by [the United States] . . . requires the exercise of ordinary diligence to keep prisoners safe and free from harm. The Government is not an insurer of the safety of a prisoner") (citation omitted), *cert. denied* 429 U.S. 978 (1976). Thus, regardless of the relationship between the U.S. Marshals Service and a detainee, the duty is still one of reasonableness under the circumstances.

Here, plaintiff was not in the USMS's custody, thus, there was no duty of care owed by the USMS to plaintiff. In pertinent part, D.C. Code § 24-425 (1981) provides that:

> [a]ll prisoners convicted in the District of Columbia for any offense . . . shall be committed . . . to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinements where the sentences of all such person shall be served. The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the District of Columbia government, the federal government, or otherwise, or whether within or without the District of Columbia.

United States v. District of Columbia, 703 F.Supp. 982, 987-988 (D.D.C. 1988) (citing D.C. Code § 24-425. A review of the legislative history of this provision establishes that "Congress created the D.C. Jail, the workhouse at Occoquan, and the reformatory at Lorton for the express purpose of housing those persons convicted of crimes in the District and those persons detained

prior to trial in the courts of D.C." District of Columbia, 703 F. Supp. at 989; aff'd United States v. District of Columbia, 897 F.2d 1152, 1156 (D.C. Cir. 1990). Moreover, "Congress specifically directed these prisoners to be incarcerated in the D.C. Jail, Occoquan or Lorton and ordered D.C. officials to take them into their custody." District of Columbia, 703 F. Supp. at 989. In fact, the District has "admitted sole responsibility for the housing and maintenance of its prisoners." Id.

In this case, plaintiff was safely transferred on September 25, 2003, from United States Penitentiary Lee to the D.C. Jail, pursuant to a D.C. Superior Court Writ, by the USMS. From that date forward, including December 20, 2003, the date of the alleged assault, plaintiff was in the custody of the D.C. Department of Corrections. The USMS owed no duty of care to plaintiff, therefore, he cannot demonstrate a set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000); see also Cannon v. United States, 645 F.2d 1128, 1133 n. 15 (D.C. Cir. 1981) (The legislators who enacted the FTCA "were not concerned with providing plaintiffs with a choice of defendants. Thus, where alternate defendants exist . . . no special need exists to subject the federal government to liability. . . . In fact, most federal prisoners housed in state and local facilities can sue the non-federal entity charged with the operation of the prison.).[3]

---

[3] Further evidence that plaintiff was in the custody of the District of Columbia can be found in the Memorandum of Understanding (MOU) Among the United States Marshals Service (USMS), the District of Columbia Department of Corrections (DCDOC), the Federal Bureau of Prisons (BOP), and the U.S. Parole Commission (USPC) Regarding the Billable Housing Responsibilities with Respect to Felony District of Columbia Code Violators. It states in pertinent part that "[a]ll prisoners, including sentenced felons, revoked parolees, and revoked probationers, who cannot be removed from DCDOC facilities on account of pending Superior Court detention holds including Superior Court ad prosequendum writs and Superior Court ad testificandum writs (the latter in either criminal or civil cases), will be housed at the expense of

## **CONCLUSION**

Because plaintiff was not in the USMS's custody at the time of the alleged assault, the USMS owed plaintiff no duty of care, and he cannot demonstrate a set of facts that supports his claim entitling him to relief, thus this Court should dismiss his claim for lack of subject matter jurisdiction.

April 27, 2006                                  Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
KAREN L. MELNK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

---

DCDOC.  See MOU at III. H (attached hereto as Exhibit 2).

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of April, 2006, I caused the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served by first-class mail, postage prepaid, on:

Robin Robinson
Reg. No. 19923-009
United States Penitentiary
Lee County
P.O.Box 305
Jonesville, VA.  24263

                                                /s/
                                      KAREN L. MELNIK, D.C. Bar # 446452
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Washington, DC 20530
                                      (202) 307-0338
                                      (202) 514-8780 (facsimile)