UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON, | : |
|     Plaintiff, | : |
| v. | : |
| | :   CV-06-0171 (HHK) |
| US MARSHALS SERVICE, et al., | : |
|     Defendants. | : |

### DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant District of Columbia, by and through counsel, herein moves to dismiss plaintiff complaint against it pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to plead a viable claim against this defendant pursuant to 42 U.S.C. § 1983, and has failed to plead that he exhausted his administrative remedies pursuant to the Prison Litigation Reform Act. More detailed grounds for this defendant's motion is fully set forth in the attached Memorandum of Points and Authorities in support thereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/_____
PATRICIA JONES [428132]
Chief, General Litigation, Section IV

                                                _____/s/_____
                                        LEAH BROWNLEE TAYLOR [488966]
                                        Assistant Attorney General
                                        441 Fourth St., N.W., 6th Floor South
                                        Washington, D.C.  20001
                                        (202) 724-7854; (202) 727-6295

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of May, 2006, I caused a copy of defendant District of Columbia's Motion to Dismiss Plaintiff's Complaint to be mailed, postage prepaid, to:

Mr. Robin Robinson
R19923-009
LEE COUNTY UNITED STATES
PENITENTIARY
P.O. Box 305
Jonesville, VA 24263

                                                _____/s/_____
                                                Leah Brownlee Taylor [488966]

Case 1:06-cv-00171-HHK   Document 18   Filed 05/30/2006   Page 3 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON, :<br><br>    Plaintiff, :<br><br>v. :<br>                            :<br>US MARSHALS SERVICE, et al., :<br><br>    Defendants. :<br>_____: | CV-06-0171 (HHK) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

In support of the District of Columbia's Motion to Dismiss plaintiff's Complaint, this defendant states as follows:

PRELIMINARY STATEMENT

On or about March 27, 2006, the plaintiff filed a complaint against the District of Columbia, Odie Washington, the Director of the DC Jail, Steve Smith, the Warden of the DC jail, Devon Brown, and the U.S. Marshal Service, claiming that on December 20, 2003, he was struck several times to the head and assaulted by another inmate with a gun. *See* Complaint, generally.

STANDARD FOR MOTION TO DISMISS

Dismissal pursuant to Fed. Civ. R. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding compliant should be dismissed pursuant to Fed. Civ. R. 12 "unless it appears beyond doubt that the plaintiff can prove a set of facts in support of his claim which would entitle him to relief.") The purpose of a Fed. Civ. R. 12 (b)(6)

motion is to test the formal sufficiency of a statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case. See Frasier v. Gottifried, 636 A.2d 430, 432 (1994).

## II. Argument

A.   Plaintiff Has Failed to Plead a Viable Municipal Liability Under § 1983.

A municipality cannot be held liable under 42 U.S.C. § 1983, on a respondeat superior theory. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). A municipality can only be found liable under 42 U.S. C. § 1983, when the municipality itself causes the constitutional violation at issue. Collins v. City of Harker Heights, 503 U.S. 115, 123 (1992). It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983. Id.

Plaintiff has brought his claims under 42 U.S.C. § 1983, against the herein-named defendant. See Complaint. 1. Plaintiff's claim against the District is based on the correctional staff's failure to protect him from another inmate who allegedly hit him on the head with a gun. There are no allegations that plaintiff's injuries were caused by any District custom, policy or practice. See Complaint, generally. Thus, plaintiff has failed to state a claim against the District for a violation of 42 U.S.C. § 1983.

B.   Plaintiff Has Not Pled that He Exhausted His Administrative Remedies, and Dismissal is Appropriate.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321, Congress has established that prisoners must fully exhaust all available administrative remedies before bringing suit under Federal laws. *Wendall v. Asher*, 162 F.3d 887 (5th Cir. 1998); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th

Cir. 1997). As provided in the statute:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(a). The prisoner's duty to exhaust administrative remedies includes a duty to exhaust any procedures available for the appeal of adverse decisions or of grievances deemed denied because of inaction on the part of the corrections system. *Wendall*, 162 F.3d at 890-92. Plaintiff bears the burden of alleging facts demonstrating his exhaustion of those remedies. *See Toombs,* 139 F.3d at 1104; *see also* FED. R. CIV. P. 8(a) (requiring "plain statement of federal court's jurisdiction" and "showing that pleader is entitled to relief") and 9(c) (requiring special pleading of "conditions precedent").

Here, the thrust of Plaintiff's complaint is a challenge to his conditions of confinement at the DC Jail. Specifically, he alleges physical injuries suffered when another inmate hit him on the head with a gun. Thus, plaintiff had a duty under 42 U.S.C. § 1997(a) to exhaust his grievance rights before challenging his conditions of confinement in federal court and seeking money damages for his alleged injuries. *See Wendall*, 162 F.3d 887; *Toombs*, 139 F.2d 1102; and, *Garrett*, 127 F.3d 1263; *compare Alexander v. Hawk*, 159 F.3d 1321, 1325-28 (11th Cir. 1998) (holding that exhaustion is required even where the correction system's grievance process does not provide the requested relief of monetary damages) and *Gibbs v. Bureau of Prison Office*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (holding that district court did not have subject matter jurisdiction over inmate's *Bivens* claim for money damages where inmate failed to exhaust administrative remedies).

Plaintiff has made no showing that he even attempted to exhaust his administrative procedures at DC Jail concerning the conditions of his confinement. As such, dismissal of this action is appropriate.

C.     Conclusion.

For the reasons set forth above, the District is entitled to dismissal of this action against it as a matter of law.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PATRICIA JONES [428132]
Chief, General Litigation, Section IV


_____/s/_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CV-06-0171 (HHK) |
| US MARSHALS SERVICE, et al., : | |
| : | |
| Defendants. : | |
| _____: | |

ORDER

Upon consideration of the District of Columbia's Motion to Dismiss Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is this ___ day of _____, 2006,

ORDERED: that the District of Columbia's Motion to Dismiss is hereby granted for the reasons set forth in its Motion.

_____
Judge

Copies to:

Mr. Robin Robinson
R19923-009
LEE COUNTY UNITED STATES
PENITENTIARY
P.O. Box 305
Jonesville, VA 24263