UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>U.S. MARSHALS SERVICE, et al., )<br>)<br>    Defendants. )<br>_____ ) | Case No. 06CV171 (HHK) |

**REPLY IN SUPPORT OF FEDERAL DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

In response to the Federal Defendant's Motion to Dismiss ("Defendant's Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(1),12(b)(6), 56, and 5 U.S.C. § 8128(b), Plaintiff fails to allege or establish any facts that address the defenses raised by Defendant. Plaintiff simply reiterates his claim that the "U.S. Marshal should have scrutinize [sic] the D.C. Jail before transferring plaintiff there." See Brief in Opposition to the Defendant's Memorandum of Points and Authorities and Motion to Dismiss for for Summary Judgement (hereinafter "Plaintiff's Opposition") at 2.  Plaintiff's efforts remain fatally flawed for two reasons: (1) he filed suit against a federal agency instead of the United States, and (2) he was in the custody of the District of Columbia Department of Corrections at the time of the alleged incident. Accordingly, this Court should dismiss Plaintiff's claim for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**II.  LEGAL STANDARD**

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

To the extent the Court relies on evidence outside the pleadings, defendant alternatively moves for summary judgment pursuant to Fed. R. Civ. P. 56; see Fed. R. Civ. P. 12(b)(6). Rule 56 of the Federal Rules of Civil Procedure provides in part that a defendant is entitled to summary judgment when there is no genuine issue as to any material fact and when, based on those facts, the defendant is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Corp. v. Zenith Radio, 475 U.S. 574, 587 (1986).

### III.  ARGUMENT

**A.     This Court Lacks Jurisdiction To Hear A Tort Claim Against The USMS**

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress.  See United States v. Testan, 424 U.S. 392, 399 (1976).  The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional.  As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting).  When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA.

Pursuant to FTCA, federal agencies *cannot* be sued in their own names.  See 28 U.S.C. § 2679(a); Benham v. Rice, No. 03-1127 (HHK), 2005 WL 691871, *3 (D.D.C. Mar. 24, 2005) ("The exclusive remedy for tort claims under the FTCA, therefore, is an action against the United States rather than against the individuals or particular government agencies."); Cox v. Secretary of Labor, 739 F.Supp. 28, 29 (D.D.C. 1990) (citing Miller v. United States, 710 F.2d 656, 657

3

n.1 (10th Cir. 1983), cert. denied, 464 U.S. 939 (1983)); Childress v. Northrop Corp., 618 F. Supp. 44, 48 (D.D.C. 1985).

Plaintiff alleges that the USMS is liable for alleged negligence. Because, pursuant to the FTCA, the only possible proper Federal Defendant for plaintiff's FTCA claim is the United States, this Court lacks subject matter jurisdiction to hear the complaint.[1]

**B.  Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted**

Plaintiff asserts in his opposition that the USMS "did not ensure security and safety of the plaintiff preceeding housing which is the approximate [sic] cause of plaintiff's injury thereby constituting negligence." See Plaintiff's Opposition at 1-2. To support his argument, Plaintiff relies upon Rizzo v. Goode, 423 U.S. 362 (1976). That case is inapposite. In Rizzo, the District Court for the Eastern District of Pennsylvania entered an order "requiring petitioners to submit to (the District) Court for its approval a comprehensive program for improving the handling of citizen complaints alleging police misconduct in accordance with a comprehensive opinion filed together with the order." Rizzo, 423 U.S. at 365. The program was incorporated six months later into a final judgment. See id. As a result, the petitioner was "required, inter alia, to put into force a directive governing the manner by which citizens' complaints against police officers should henceforth be handled by the department." See id. The Court of Appeals for the Third Circuit upheld "the District Court's finding that the existing procedures for handling citizen

---

[1] Although a *possible* remedy for Plaintiff's error could be to substitute the United States, substitution is not necessary or warranted in this case because Plaintiff's claims should be dismissed on other jurisdictional grounds as well. See Childress, 618 F.Supp. at 48 ("Were this the only defect in plaintiff's action against the Government, the Court would allow plaintiff to seek leave to substitute the United States as a defendant.").

complaints were 'inadequate,' [and] affirmed the District Court's choice of equitable relief . . ." See id. at 365-66.

The Supreme Court reversed, noting that "the genesis of this lawsuit a heated dispute between individual citizens and certain policemen has evolved into an attempt by the federal judiciary to resolve a 'controversery' between the entire citizenry of Philadelphia and the petitioning elected and appointed officials over what steps might, in the Court of Appeals' words, (appear) to have the potential for prevention of future police misconduct." See Rizzo v. Goode, 423 U.S. at 371 (citation and internal quotations omitted). Relying upon "the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs," id. at 378-79 (citations and internal quotations omitted), the Rizzo Court concluded that the "District Court's injunctive order here, significantly revising the internal procedures of the Philadelphia police department, was indisputably a sharp limitation on the department's latitude in the dispatch of its own internal affairs." See id. (quotations omitted).

Clearly, the Rizzo case does not support Plaintiff's claim. In fact, one could argue that it supports Defendant's position that the USMS, a federal agency, has neither the responsibility nor the power to ensure the safety of prisoners in state facilities. As Defendant argued in its motion to dismiss, Plaintiff's claim against the USMS is flawed because, at the time of the alleged assault, Plaintiff was in the custody of the District of Columbia Department of Corrections, not the USMS.[2]

---

[2] Plaintiff also relies upon Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), however, no individual Deputy U.S. Marshals are named Defendants.

The USMS has a general duty to keep detainees *in its custody* safe and free from harm. See 18 U.S.C. § 4086 (emphasis added). Although there is a general duty to take reasonable care under the circumstances to protect and keep individuals taken into custody safe, the USMS, however, is not an insurer of the safety of a detainee *in its custody*, and the fact that an inmate sustains injuries does not establish liability. Hughes v. District of Columbia, 425 A.2d 1299, 1302 (D.C. 1981) (emphasis added). See also Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976) ("The duty of care owed by [the United States] . . . requires the exercise of ordinary diligence to keep prisoners safe and free from harm. The Government is not an insurer of the safety of a prisoner") (citation omitted), *cert. denied* 429 U.S. 978 (1976). Thus, regardless of the relationship between the U.S. Marshals Service and a detainee, the duty is still one of reasonableness under the circumstances. Here, plaintiff was not in the USMS's custody, thus, there was no duty of care owed by the USMS to plaintiff.

In this case, Plaintiff was safely transferred on September 25, 2003, from United States Penitentiary Lee to the D.C. Jail, pursuant to a D.C. Superior Court Writ, by the USMS. From that date forward, including December 20, 2003, the date of the alleged assault, Plaintiff was in the custody of the D.C. Department of Corrections. The USMS owed no duty of care to Plaintiff, therefore, he cannot demonstrate a set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

## **CONCLUSION**

Because plaintiff was not in the USMS's custody at the time of the alleged assault, the USMS owed plaintiff no duty of care, and he cannot demonstrate a set of facts that supports his

claim entitling him to relief, thus this Court should dismiss his claim for lack of subject matter jurisdiction.

June 2, 2006                                        Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of June, 2006, I caused the foregoing Reply in Support of Motion to Dismiss to be served by first-class mail, postage prepaid, on:

Robin Robinson
Reg. No. 19923-009
United States Penitentiary
Lee County
P.O.Box 305
Jonesville, VA.  24263

                                                    /s/
                                      KAREN L. MELNIK, D.C. Bar # 446452
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Washington, DC 20530
                                      (202) 307-0338
                                      (202) 514-8780 (facsimile)