UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Robin Robinson,
    Plaintiff,

v.

U.S. Marshals Service,
    Defendants.

CV-06-0171
(HHK)

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S
STEVE SMITH'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

Comes now, the plaintiff herein Robin Robinson is currently incarcerated at the United States Penitentiary Lee County Virginia through pro se, moves this court upon the above entitled matter pursuant to Federal Rules of Civil Procedure 56 respectfully files this opposition response for the reasons set forth more fully in the attached brief plaintiff respectfully request that this court deny defendant's motion to dismiss plaintiff's complaint in the plaintiff's claims in their entirety.

Respectfully Submitted

Robin Robinson #19923-009
Lee County United States Penitentiary
P.O. Box 305
Jonesville, VA 24263

RECEIVED
JUL 7 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Robin Robinson,
  Plaintiff,

v.

               CV-06-0171 (HHK)

U.S. Marshall Service. et al,
  Defendants.

BRIEF IN OPPOSITION OF THE DEFENDANT'S MEMORANDUM
OF POINTS AND AUTHORITIES AND MOTION TO DISMISS.

  Comes now, the plaintiff herein, Robin Robinson is currently incarcerated at the United States Penitentiary, Lee County, Virginia, and through pro se, respectfully files this response. Plaintiff requests this Honorable Court to construe his pleading liberally pursuant to Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff filed a lawsuit against U.S. Marshals service, Odie Washington, Steve Smith, District of Columbia for violating plaintiff's fifth, fourteenth and eight constitutional rights.

ARGUMENT ONE
THIS COURT SHOULD GRANT PLAINTIFF'S ACTION TO STATE
A CLAIM AGAINST DEFENDANTS U.S. MARSHALS SERVICE
ODIE WASHINGTON, STEVE SMITH, AND THE DISTRICT OF
COLUMBIA

  A. Federal Rules of civil procedure 41(1)(20(B); governs service of process on officers or employees of the United States. Plaintiff has properly addressed service of process to the court to submit to the United States Marshal Service to deliver upon the defendants. Fed. R. Civ. P. 4(M) requires service of process

within 120 day of filing the complaint. However, a <u>pro se</u> indigent plaintiff proceeding in Forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and, should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties. See <u>Puett</u>, 912 F.2d 275. So long as the plaintiff has furnished the information necessary to identify the defendant, the District of Columbia and U.S Marshal service, Odie Washington, Steve Smith. The Marshal's failure to effect service "is automatically good cause with the meaning of Rule 4(j)." See <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir. 1990).

## ARGUMENT TWO
## PLAINTIFF LAWSUIT AGAINST STEVE SMITH SHOULD NOT BE DISMISSED.

Plaintiff has sued defendant Steve Smith in his official capacity and individual capacity. See Complaint, at ¶¶3. Defendants Smith is the Warden of the D.C. Jail and is responsible for the safety of every prisoner that is housed inside the D.C. jail. The D.C. Jail is a weapon free facility. Where even corrections officers do not carry guns. So for plaintiff to be assaulted by an inmate with a gun inside the D.C. jail that Smith is responsible for the safety of all prisoners although Smith did not commit the eighth amendment violations. He became responsible for them when he failed to correct them in the course of his supervisor who learn of a constitutional violation may be held liable failing to correct it. See <u>Rizzo v. Goode</u>, 423 U.S. 362. 370, 71, 97 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976). This is a case where the defendants Smith personally had a job to do, and he did not do it, and that is the failure to stop a gun from entering the D.C. jail which is so likely to result in the violation of

plaintiff's constitutional right as to establish deliberate indifference on his part, See Farmer v. Brennan, 515 U.S. 825, 837 (1994).

## ARGUMENT THREE
### THIS COURT SHOULD GRANT PLAINTIFF'S LAWSUIT AGAINST DEFENDANT SMITH

To sustain a cause of action under 42 U.S.C. §1983, plaintiff must prove two elements: (1) he suffered a deprivation of a federal right secured by the constitution or a federal statute, and (2) the individual committing the act or ommission causing the deprivation acted under color of law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). It is elementary that a complaint should not be dismissed under 12(b)(6) for failure to state a claim" unless it appears beyond a reasonable doubt that the plaintiff cannot prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### CONCLUSION

Plaintiff respectfully requests the court to grant plaintiff brief in opposition of the defendants memorandum of points and authorities and motion to dismiss.

Wherefore, plaintiff respectfully request that this motion be granted.

Respectfully Submitted,

Robin Robinson
# 19923-009
U.S.P. Lee County
P.O. Box 305
Jonesville VA. 24263

## CERTIFICATE OF SERVICE

I hereby certify on the __26__ day of __June__ 2006, that a copy of the foregoing plaintiff motion in opposition of the defendant's memorandum of points and authorities and motion to dismiss were mailed postage prepaid to:

Robert J. Spagnoletti
Attorney General for the
District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division

Patricia Jones [428132]
Chief, General Litigation,
Section IV

Leah Brownlee Taylor [488966]
Assistant Attorney General
441 Fourth st. N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-7854.

## AFFIDAVIT

I, Daniels Andrew, hereby state the following:

I seen an inmate with a gun comming from the back of the tier, and assaulted Robin Robinson with a gun inside the D.C. Jail.

I, Daniels Andrew, do solemny swear that the foregoing statement is true and accurate to the best of my knowledge. And is made under oath subject to the penalties of perjury.


*Andrew Daniels*
Daniels Andrew

Com. expires

This document was acknowledged by me on 29 day of June 2...
*Naity Nichoes*
Notary Public
Commission expires
December 31, 2008