UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**ROBIN ROBINSON,**

            Plaintiff;

Vs.                                                  **CASE NO: 06CV171 (HHK)**

**DISTRICT OF COLUMBIA,**

            Defendant(s);

## AMENDED COMPLAINT

**COMES NOW THE PLAINTIFF**, through James Q. Butler, attorney at law, a member of the bar of this court, and in support of his motion amend complaint hereby states as follows:

1. This is an action under 42 U.S.C. ss: 1983 for injuries and deprivation of rights which were the result of the defendants failure to properly administer the D.C. Jail, based upon a common pattern and practice, as set forth infra.

2. Venue in this court is proper under 28 U.S.C. 1391 (b).

3. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. ss: 1331, 1343 (a) (3), (1) (4), (b) (1), and supplemental jurisdiction under 28 U.S.C. ss: 1367, 2201, 2202 and 42 U.S.C. 1983.

4. Plaintiff at the time of the events set forth infra was an inmate at the D.C Jail.

5. The District of Columbia is a municipal corporation responsible for the training,

oversight, supervision and operation of its subordinate agencies which include the D.C. Jail.

6. On Thursday, January 26, 2006, the United States Attorney for the District of Columbia issued the following press release.

7. Washington, D.C. - A D.C. jail inmate, Leonard Johnson, has been sentenced to serve 69 months in prison for his role in a scheme to defraud the D.C. government by staging a shooting inside the jail, United States Attorney Kenneth L. Wainstein announced today. Johnson, 28, was sentenced this afternoon in D.C. Superior Court by the Honorable Rhonda Reid Winston. In November, a jury found Johnson and co-defendant Shawn Gray guilty of Conspiracy to Defraud the D.C. Government and several weapons charges for their roles in the shooting which they planned and executed while the two were inmates at the D.C. Jail. Gray is scheduled to be sentenced on February 9, 2006.

8. According to the government's evidence, in the fall of 2003, the defendants, Shawn Gray and Leonard Johnson, were inmates in the Southwest-3 cellblock of the Central Detention Facility, also known as the D.C. Jail, which is run by the D.C. Department of Corrections. During that time, Shawn Gray smuggled the gun into the prison after another person threw a package over a wall containing the gun from an area near a public street outside the jail near the recreation yard. Gray retrieved the gun from inside the recreation area by climbing a door and pulling the package from a ledge and through some bars. He then secreted the package in his prison jumpsuit for transport back to his cell. Gray then stored the handgun used in the shooting in a mop closet in the jail. That same Fall, Gray and Johnson along with two other inmates, Frederick Robinson and Jamal Jefferson, each agreed to pretend to be victims of a shooting inside the jail for the expressed purpose of suing the District of Columbia government

and the D.C. Department of Corrections. The four agreed that they would shoot each other and thereafter would lie to investigators by saying that an unknown gunman had shot them while they were smoking marijuana in a cell. Thereafter, each planned to file a lawsuit based on that fraudulent version of the shooting.

9. On December 20, 2003, at approximately 1:45 p.m., Shawn Gray, Leonard Johnson, Jamal Jefferson and Frederick Robinson, gathered in Jefferson's cell. The four decided to use Jefferson's cell because it was the furthest from the guard station in the cellblock. Once all four were inside the cell, they shut the cell door and stuffed towels and other items in the small opening in the door to muffle to noise of the gunshots. Shawn Gray then covered his hands with rubber cleaning gloves and with socks into which he had previously cut finger holes. Gray then retrieved a small .25 caliber semi-automatic handgun from under a mattress in the cell where moments before he had previously placed it.

10. Pursuant to their prior agreement, Leonard Johnson and Frederick Robinson consented and allowed Shawn Gray to shoot each of them once; Leonard Johnson in the upper right shoulder area and Frederick Robinson in the upper right arm. Gray also shot himself in the right calf. Despite the prior agreement, after seeing two others shot, Jamal Jefferson told Shawn Gray that he no longer wanted to participate in the plan and did not wish to be shot; nevertheless Shawn Gray shot Jamal Jefferson in the right knee.

11. After the shooting, Frederick Robinson, and Leonard Johnson ran out of the cell. Shawn Gray crawled out of the cell and placed the handgun in a nearby trash can. Jamal Jefferson dragged himself out of the cell on his stomach. The four injured inmates reported the shooting to the guards, who then locked down all cells. The four injured inmates were then

transported to the infirmary and eventually the hospital for treatment. In their initial interviews with investigators, each of the four stated that an unknown gunman had been responsible for the shooting. Co-defendants Jamal Jefferson and Frederick Robinson each entered pleas of guilty prior to the trial.

12. The foregoing press release is irrefutable evidence that the events wherein this plaintiff was injured in fact took place. The negligence of the District of Columbia is clearly established.

13. Upon information and belief, Defendant District of Columbia maintains a system of review of staff conduct throughout its corrections department. This system of review includes hiring, training, roll call advisories and investigations of lapses in security through an Internal Affairs unit, which is so untimely, cursory, one-sided and ineffective that the unreasonable management tactics pled herein which include but are not limited to failure to strip frisk inmates and search cells and common areas, as well as excessive use of force, punishment and denial of Constitutional rights by its correctional staff is permitted and tolerated, in a wholesale manner, against citizens of color housed in the D.C. Jail.

14. The acts, omissions, systemic flaws, policies, and customs of Defendant District of Columbia caused the D.C. jail staff to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly, and properly investigated. This is especially egregious as the intentional lack of supervision and searches of inmates led to a weapon being allowed in the D.C. Jail.

15. As a direct and proximate result of the acts and omissions of defendant, Plaintiff was attacked and injured. Plaintiff suffered physical injury as well as nightmares, sleeplessness, anxiety, and continues to feel fear pursuant to such mental and physical cruelty.

## MONELL CLAIMS
**Monell v. New York City Dept. Soc. Svcs., 436 U.S. 658**

16. Defendant District of Columbia acted or failed to act knowingly and intentionally, maliciously, wantonly or with reckless or callous disregard of, or indifference to, the rights of the Plaintiff.

17. By their actions and omissions, the Defendants violated Mr. Robinsons Constitutional rights, robbed him of any feeling of security and left him traumatized and violated.

18. As a direct and proximate result of the conduct of the Defendant, the plaintiff suffered, and continues to suffer from, physical injury as well as emotional distress including, but not limited to extreme anxiety, mental pain, anguish, embarrassment and humiliation. Plaintiff suffered physical injury to the plaintiffs skull, ear and eye, which are painful to this date.

## DISTRICT OF COLUMBIA POLICY, PRACTICE AND CUSTOM

**19.** The District of Columbia maintains a policy, practice and custom of failing to supervise properly, monitor, discipline and otherwise control, the actions of its correctional and jail agency, the District of Columbia Jail, and its officers. The defendants policy, practice and custom caused the Defendant to violate this plaintiffs Constitutional Rights. The Incident in the instant matter is especially egregious as it was not only part of a pattern of general practice, but was also a part of a series of events wherein smuggling took place in the facility and has recently led to inmates jumping out the windows of the facility dressed as guards and escaping. Discovery

5

will aide this court in irrefutably concluding that the management of the D.C. Jail is a joke..

## CAUSATION

20.     As a direct and proximate cause of the defendants deliberate indifference to the racially motivated, abusive practices of its jail management and line officers, plaintiff has suffered, and continues to suffer from, physical injury to his head, ear and eye and emotional distress.

## SUPERVISOR LIABILITY OF DEFENDANT DISTRICT OF COLUMBIA

21.     The Defendant condoned and acquiesced in the unconstitutional beating and injury fo this plaintiff in that the defendant:

1) failed to take action when the defendant became aware of the incident;

2) condoned the training practices used by the D.C. Jail staff which later led to inmates jumping out windows dressed as guards. The pattern and practice of poor management remains in place to this very day, as history and further discovery will show.

## PLAINTIFF IS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDY

22.     The defendant makes a claim that this plaintiff has failed to exhaust administrative remedy, under the Prison Litigation Reform Act. [P.L.R.A.] The defendants claim is spurious on its face.

23.     There is no remedy available for this issue. This is not a conditions issue such as showers, beds, religious services, law library or food. This case will have no impact on the conditions under which inmates live. The people responsible for the offense are not prison employees, the are third party felons housed in the jail. This is a claim regarding failure to

maintain a secure facility, which does not lend itself to remedies available at the jail, as the jail remedy system cannot do anything about the issue. (See: **Johnson v. Quinn**, 96C6598, LEXIS 2434, at *3 (N.D. Ill, Feb 26, 1999) **Borges v. Strong Memorial Hospital**, LEXIS 18596 at*3 (W.D. New York September 30, 2002) and **Valdivia v. Davis**, 206 F. Supp 2d, 1068. 1074 n12 (E.D. Cal. 2002).

24. This court must establish that the plaintiffs claim falls outside -or- within the P.L.R.A. exhaustion requirement as applied to administrative remedy, (**Snider v. Melendez**, 199 F.3d. 108, 114 (2d Cir 1999) wherein the remedy does not address the issue raised in the plaintiffs complaint. **McGrath v. Johnson**, 67 F. Supp. 2d 499, 510-11 (E.D. Pa. 1999) Finally, any assault or mater under investigation by the U.S. Attorney such as the incident set forth supra regarding the U.S. Attorneys press release, is non-grievable. **Davis v. Frazier**, 98civ2658, 1999 U.S. Dist Ct LEXIS 8911 at *3 (S.D. New York June 15, 1999).

## COUNT I:

## VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983

25. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24.

26. The intentional coercion, intimidation and assault of plaintiff by third parties under the supervision of the defendant and the defendants management and officer at the D.C. Jail, violated the rights of plaintiff as guaranteed by the United States Constitution. This misconduct constituted a departure from the evolving standards of decency that mark the progress of a maturing society and support a claim that Defendant possess a sadistic state of

7

mind. Therefore, the Defendant is liable for the actions of the third parties in this Incident for tolerating such misconduct by those under the defendants supervision and by those management and officers employed by the defendant.

27.   The intentional assault and battery of Plaintiff by third parties under the defendants supervision was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT II:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

28.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24.

29.   Defendant conspired to violate Plaintiff's statutory civil rights by acting in concert to assault the plaintiff and damage him as the defendant created a circus like environment wherein the inmates were actually running the asylum in a manner of intimidation and coercion. This included the use of verbal and physical abuse, as more fully described in the foregoing paragraphs, all in violation of 42 U.S.C. § 1983, for which Defendant is liable for failure to supervise and maintain control.

## COUNT III:
## ASSAULT AND BATTERY

30. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24.

31. The beating, kicking and punching of the plaintiff by third parties under the Defendants control, for which they had no lawful authority or consent to do so, was without justification, excessive, and constitutes assault and battery for which the defendant is liable.

32. As a proximate result of the assault and battery committed by third parties under the custody and supervision of the defendant plaintiff has sustained severe injuries. These injuries have caused and will continue to cause Plaintiff great emotional and physical pain and suffering.

33. The intentional physical abuse of Plaintiff by third parties under the custody and supervision of this defendant were inflicted with actual malice toward Plaintiff, and with willful and wanton indifference to and deliberate disregard for human life and the for the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT IV:
## INTENTIONAL INFLICTION OF PHYSICAL INJURY

34. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24.

35. Defendant by its intentional abuse of Plaintiff's constitutional rights, as well as by its conduct described herein, abused Plaintiff in a manner that was extreme, outrageous, and unjustified, and caused Plaintiff to suffer physical and emotional distress for which the defendant

is liable.

36. The intentional verbal and physical abuse of Plaintiff was unjustified and was done with actual malice and wanton indifference to, and with deliberate disregard for, human life and the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

## RESERVATION OF RIGHT TO AMEND AFTER DISCOVERY

37. It is anticipated that the discovery process in this matter will reveal information about the defendant and other potential defendants which may enhance the allegations herein requiring amendment.

**WHEREFORE,** Plaintiff requests that this Court permit amendment of the complaint as pled herein and enter judgment against the Defendants and award the following amounts:

a. Compensatory damages in favor of Plaintiff, as the Court and jury allow

b. Exemplary damages in favor of Plaintiff, as the Court and jury allow.

c. Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988 (1976);

  and

d. Such other and further relief as the court may deem appropriate.

January 10, 2007

By:_____/s/ JAMES Q. BUTLER____
James Q. Butler, Esq. #490014
Attorney at Law
Butler Law Firm
818 18th Street, 10th Floor
Washington, D.C. 20006
Telephone: (202) 223-6767
Facsimile: (202) 223-3039