UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON,          : | |
| :  | |
| Plaintiff,          : | |
| :  | |
| v.                       : | |
| :  | CV-06-0171 (HHK) |
| DISTRICT OF COLUMBIA,    : | |
| :  | |
| Defendant.         : | |
| _____: | |

## DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia, by and through counsel, herein moves to dismiss plaintiff amended complaint against it pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to plead that he exhausted his administrative remedies pursuant to the Prison Litigation Reform Act (hereafter "PLRA"). More detailed grounds for this defendant's motion is fully set forth in the attached Memorandum of Points and Authorities in support thereto.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

__/s/_____
PATRICIA JONES [428132]
Chief, General Litigation, Section IV

          ____/s/_____
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor South
Washington, D.C.  20001
(202) 724-7854; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN ROBINSON, | : |
|     Plaintiff, | : |
| v. | : |
| | :   CV-06-0171 (HHK) |
| DISTRICT OF COLUMBIA, | : |
|     Defendant. | : |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

In support of the District of Columbia's Motion to Dismiss plaintiff's Complaint, this defendant states as follows:

PRELIMINARY STATEMENT

On or about January 10, 2007, the plaintiff Robin Robinson filed a motion for leave to file an amended complaint against the District of Columbia, claiming that on December 20, 2003, he was injured at the DC Jail after four inmates shot themselves in an attempt to defraud the government. *See* Complaint, generally. Plaintiff challenges the security conditions and jail management at the correctional institution. .Plaintiff's name only appears in the caption of the Amended Complaint. Within his amended complaint, plaintiff fails to identify how he was injured, and what role he had in the alleged incident that forms the basis of this lawsuit. See Amended Complaint, generally.

By Order, dated February 1, 2007, this Court accepted plaintiff's Amended Complaint for filing. For the reasons set forth below, dismissal of this lawsuit is appropriate.

STANDARD FOR MOTION TO DISMISS

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding compliant should be dismissed pursuant to Fed. Civ. R. 12 "unless it appears beyond doubt that the plaintiff can prove a set of facts in support of his claim which would entitle him to relief.") The purpose of a Fed. Civ. R. 12 (b)(6) motion is to test the formal sufficiency of a statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case. *See Frasier v. Gottifried*, 636 A.2d 430, 432 (1994).

## II. Argument

A.  The Prison Litigation Reform Act Requires Exhaustion of Administrative Remedies Prior to an Inmate Filing a Federal Claim

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321, Congress has clearly established that prisoners must fully exhaust all available administrative remedies before bringing suit under Federal laws. *See Wendall v. Asher*, 162 F.3d 887 (5th Cir. 1998); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997). The Prison Litigation Reform Act ("PLRA") of 1995 provides that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*See* 42 U.S.C. § 1997e (2002).

The Supreme Court issued two opinions that extend the scope of the administrative exhaustion requirement for plaintiff inmates. In *Booth v. Churner,* 532 U.S. 731 (2001), plaintiff, a state prison inmate, filed a federal claim under 42 U.S.C. § 1983, charging that corrections officers had assaulted him in violation of the Eighth Amendment's ban on cruel and unusual punishments. The inmate filed an administrative grievance but never sought administrative review of the denial under the Pennsylvania prison grievance procedure, which is similar to the D.C. Department of Correction's grievance procedure. *Booth*, 532 U.S. at 734, see also Ex. 1. The issue before the Court in *Booth* was whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief but no money. *Id.* The Court held that the PLRA required plaintiff to exhaust his administrative remedies, which he had not, regardless of the relief offered through the administrative procedures. *Booth*, 532 U.S. at 741.

In *Porter v. Nussle*, plaintiff, an inmate in a Connecticut prison, brought directly to the Court, without filing an inmate grievance, a complaint charging that corrections officers singled him out for a severe beating, in violation of the Eighth Amendment. *Porter v. Nussle*, 2002 U.S. LEXIS 1373, 8 (Feb. 26, 2002). The Court of Appeals held that the PLRA requires exhaustion of inmate claims "with respect to prison conditions" meant circumstances affecting everyone in the area rather than single or momentary matters such as beatings . . . directed at particular individuals. *Porter*, 2002 LEXIS at 12. The Supreme Court reversed and held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances

or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 2000 U.S. LEXIS at 28.

Plaintiff bears the burden of alleging facts demonstrating his exhaustion of those remedies. *See Toombs,* 139 F.3d at 1104; *see also* FED. R. CIV. P. 8(a) (requiring "plain statement of federal court's jurisdiction" and "showing that pleader is entitled to relief") and 9(c) (requiring special pleading of "conditions precedent"). In this case, plaintiff has made no showing that he even attempted to exhaust his administrative procedures at the DC Jail concerning the alleged injuries that are the subject matter of his amended complaint. Because the PLRA's exhaustion requirement is not limited to complaints about "showers, beds, religious services or food," but applies to "all inmate suits about prison life", this lawsuit must be dismissed for plaintiff's failure to exhaust his administrative remedies. *Porter*, 2000 U.S. LEXIS at 28. See Amended Complaint at ¶ 23. *See also, Alexander v. Hawk*, 159 F.3d 1321, 1325-28 (11th Cir. 1998) (holding that exhaustion is required even where the correction system's grievance process does not provide the requested relief of monetary damages) and *Gibbs v. Bureau of Prison Office*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (holding that district court did not have subject matter jurisdiction over inmate's *Bivens* claim for money damages where inmate failed to exhaust administrative remedies).

B.   Plaintiff's Amended Complaint Does Not Satisfy The Requirements of Rule 8.

Plaintiff seeks compensatory damages for injuries he allegedly sustained. See Amended Complaint, generally. According to the allegations set forth in the Amended Complaint, four inmates conspired to defraud the District government. Those inmates were Frederick Robinson, Jamal Jefferson, Shawn Gray, and Leonard Johnson. See

Amended Complaint, ¶¶ 9, 10. Other than in the case caption, plaintiff Robin Robinson's name appears no where else in the Amended Complaint. See Amended Complaint, generally. There are no specific allegations related to Robin Robinson and/or how he sustained an injury as a result of this defendant's alleged constitutional misconduct.

Fed. R. Civ. P. 8 provides that: "[a] pleading which sets forth a claim for relief,…shall contain (a) a short and plan statement of the grounds upon which the court's jurisdiction depends, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks" Because there are no facts to support plaintiff's claim for relief, dismissal is warranted under Rule 8.

C.    Conclusion.

For the reasons set forth above, the District is entitled to dismissal of this action against it as a matter of law.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PATRICIA JONES [428132]
Chief, General Litigation, Section IV

                                  _____/s/_____
                                  LEAH BROWNLEE TAYLOR [488966]
                                  Assistant Attorney General
                                  441 Fourth St., N.W., 6th Floor South
                                  Washington, D.C.  20001
                                  (202) 724-7854; (202) 727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN ROBINSON,                      :
                                     :
    Plaintiff,                        :
                                     :
v.                                   :
                                     :   CV-06-0171 (HHK)
DISTRICT OF COLUMBIA,                :
                                     :
    Defendant.                        :
_____:

### ORDER

Upon consideration of the District of Columbia's Motion to Dismiss Plaintiff's Amended Complaint, plaintiff's response thereto, if any, and the record herein, it is this

___ day of _____, 2006,

    ORDERED:  that the District of Columbia's Motion to Dismiss is hereby granted for the reasons set forth in its Motion.

_____
Judge