UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN ROBINSON,

    Plaintiff,

        v.                                Civil Action No. 06-171 (HHK)

DISTRICT OF COLUMBIA,

    Defendant.

MEMORANDUM OPINION

    Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional right were violated while he was incarcerated at the District of Columbia's Central Detention Facility ("CTF"). Before the court is defendant's motion to dismiss. Upon consideration of the motion and the record of this case, the court concludes that the motion will be granted.

**I.**

    In the Fall of 2003, plaintiff was incarcerated at the CTF. Am. Compl. ¶ 4. During that time period, another inmate, Shawn Gray smuggled a gun into the jail. *Id.* ¶ 8. Gray and three other inmates – Leonard Johnson, Frederick Robinson and Jamal Jefferson – each agreed to pretend to be victims of a shooting inside the jail for the purpose of suing the District of Columbia. *Id.* The four agreed that they would shoot each other and thereafter would lie to investigators by saying that an unknown gunman had shot them. *Id.* Each planned to file a lawsuit based on that fraudulent version of the shooting. *Id.*

    On December 20, 2003, the four inmates gathered inside a cell. *Id.* ¶ 9. They stuffed towels and other items in the small opening in the door to muffle the noise of the gunshots. *Id.*

Gray then retrieved the smuggled handgun from under a mattress in the cell. *Id.* Pursuant to their prior agreement, Johnson and Robinson allowed Gray to shoot each of them once, Johnson in the upper right shoulder area and Robinson in the upper right arm. *Id.* ¶ 10. Gray also shot himself in the right calf and Jefferson in the right knee. *Id.*

The four inmates reported the shooting to jail guards, who then locked down facility. *Id.* ¶ 11. The inmates were transported to the infirmary and eventually the hospital for treatment. *Id.*

Plaintiff alleges that during this incident he was intimidated and assaulted by fellow inmates. *Id.* ¶¶ 21, 26, 27, 31. As a result, he suffered injuries to his head, ear, and eye. *Id.* ¶¶ 18, 20, 32. He also claims he continues to suffer from emotional distress due to the incident. *Id.* ¶ 18. Plaintiff brings claims for assault and battery, and a violation of his constitutional rights, claiming that the District of Columbia did not ensure his security and safety at the CTF. *Id.* ¶¶ 16-21, 25-36. Plaintiff seeks compensatory and exemplary damages. *Id.* ¶ 37.

**II.**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant moves to dismiss because plaintiff has failed to state a claim upon which relief can be granted and has not exhausted administrative remedies.

The court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his

entitle[ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S.Ct. at 1964-65 (citations and internal quotation marks omitted). Thus, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276.

*Sufficiency of Amended Complaint*

Defendant moves to dismiss the amended complaint on the ground that it does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. That Rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citations and internal quotations omitted).

The amended complaint complies with Rule 8. It contains sufficient factual allegations and clearly delineates the nature of plaintiff's legal claims. Consequently, the court will deny the motion to dismiss on this basis.

*Exhaustion of Administrative Remedies*

The District of Columbia also contends the case should be dismissed because plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Section 1997e(a) "afford[s] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," and, where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25. A prisoner must complete the administrative process "regardless of the relief offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion," i.e., "using all the steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted administrative remedies. *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C.Cir. 2001).

The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the timing of the action. *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002). The failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). However, if the allegations by a plaintiff, taken as true, show that relief is barred for failure to exhaust, the case is subject to dismissal for failure to state a claim. *Id.* at 920.

Plaintiff concedes that he did not exhaust his administrative remedies. *See* Am. Compl. ¶¶ 22-24. He asserts that he is not required to exhaust because his claim – that defendant's failure to maintain a secure facility resulted in an assault by fellow inmates – "does not lend itself to remedies available at the jail, as the jail remedy system cannot do anything about the issue." *Id.* ¶ 23.

Plaintiff's position is contrary to prevailing law.  A prisoner must exhaust remedies "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Booth*, 532 U.S. at 740.  A claim that pursuing a remedy will be futile is not a valid reason for failing to complete the administrative process.  *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *Bitton v. Gonzales*, No. 05-2045, 2006 WL 335766, at *1 (D.D.C. Feb. 13, 2006); *Jeanes v. United States Dep't of Justice*, 231 F. Supp. 2d 48, 50 (D.D.C. 2002); *see also Booth*, 532 U.S. at 741 n. 6 (Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise"). Moreover, plaintiff's claim that the defendant's failure to maintain a secure facility and ensure the safety of inmates is subject to the PLRA's exhaustion requirement.  *See Kaba v. Stepp*, 458 F.3d 678, 679 (7th Cir. 2006) (failure to properly train prison staff resulting in inmate assault); *Brown v. Croak*, 312 F.3d 109, 112 (3rd Cir. 2002) (prisoner assaulted by fellow inmates); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) (failure to protect from assault from fellow inmate); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (failure to protect from threats and assaults by fellow inmates).[1]  Neither does the fact that plaintiff has been released from custody since the filing of this action excuse him from the exhaustion requirement.  *See Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002); *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 973-74 (11th Cir. 2000) (en banc); *see also Hunter v. Corr. Corp. of America*, 441 F. Supp. 2d 78, 82

---

[1] The cases cited by plaintiff, *see* Am. Compl. ¶ 23, do not stand for the proposition urged by him, that his claim is exempt from the exhaustion requirement.

(D.D.C. 2006) (applying exhaustion requirement to former inmate).[2]

A prisoner may be excused from the exhaustion requirement where prison officials prevent the inmate from using the administrative process or refuse to provide grievance forms. *Lawrence v. Washington*, 204 Fed. Appx. 27 (D.C. Cir. 2006) (per curiam) (citing *Kaba*, 458 F.3d at 684-85); *Bradley v. Washington*, 441 F.Supp. 2d 97, 101 (D.D.C. 2006). Plaintiff makes no allegation that officials at CTF interfered with his ability to pursue the administrative process. Accordingly, the Court concludes that plaintiff did not exhaust the required administrative remedies prior to bringing this action. Accordingly, the case must be dismissed.

### III.

Based on the foregoing, the defendant's motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.

                                                /s/
                                  HENRY H. KENNEDY, JR.
                                  United States District Judge

Dated: July 2, 2007

---

[2] The Court of Appeals for the District of Columbia Circuit has not decided the issue. *See Bethea v. United States Parole Comm'n*, 56 Fed. Appx. 514, 515 (D.C. Cir. 2003) (court "need not decide whether in light of [prisoner's] release from custody, PLRA's exhaustion requirement still applies.").